485 P.2d 964

Thomas L. TRYON, Petitioner-Appellant,

v.

Buster BAKER, Chief of Police of Nampa, Idaho, Defendant-Respondent.

No. 10840.

Supreme Court of Idaho.

June 8, 1971.

Western Idaho Legal Aid, Richard A. Skinner, Caldwell, for petitioner-appellant.

W. Anthony Park, Atty. Gen., Boise, and C. Robert Yost, Pros. Atty., Canyon County, Caldwell, for defendant-respondent.

PER CURIAM.

On August 25, 1970, petitioner herein pleaded guilty to the offense of driving while intoxicated, was adjudged guilty and sentence was pronounced ordering him to pay fines in the amount of $310.00, and serve a ten day jail term. The jail sentence was completed September 4, 1970. On that day, the sentencing judge indicated that because of the indigency of the petitioner he would remain incarcerated for the purpose of serving out the fine at the rate of $5.00 per day.

A petition for writ of habeas corpus was filed in the Third Judicial District Court and was denied. An original petition for writ of habeas corpus was filed with this Court. On that same day, petitioner was released from jail and the payment of the fine suspended upon the condition of the petitioner's serving six months probation. Thereupon, the petition in this Court was denied. Petitioner thereafter brought this appeal from the Third Judicial District Court's denial of his petition for habeas corpus.

■ Petitioner contends that the incarceration he has suffered was and is incompatible with certain United States Supreme Court decisions on the imposition of jail terms in lieu of payment of fines. We express no opinion on petitioner's contention since an appeal will be dismissed where it appears that only a moot question is involved. Boyer v. Shoshone-Bannock Indian Tribes, 92 Idaho 257, 441 P.2d 167 (1968); Graves v. Berry, 35 Idaho 498, 207 P. 718 (1922). This Court, in making its determination of mootness, may look to facts which arose after the entry of judgment or order appealed from and which are not incorporated in the record on appeal. Abels v. Turner Trust Co., 31 Idaho 777, 176 P. 884 (1918).

■ Petitioner, according to the record, began his probationary period on September 28, 1970, and the period of probation should have and quite apparently has ended on March 28, 1971. Such time has already passed and the controversy has ceased to exist. Any decision by this Court would be without effect and a meaningless gesture as to the case at bar. This appeal is dismissed. No costs allowed.