532 P.2d 930

**WESTERN BEVERAGE, INC., an Idaho corporation, Plaintiff-Respondent,**

v.

**The STATE of Idaho, Defendant-Appellant.**

**No. 11425.**

Supreme Court of Idaho.

Dec. 27, 1974.

Lloyd J. Walker, Walker & Kennedy, Twin Falls, plaintiff-respondent.

DONALDSON, Justice.

Plaintiff-respondent Western Beverage, Inc., an Idaho corporation, is licensed by the state as a wholesaler of beer and as such distributes beer throughout the eight county Magic Valley area (Blaine, Camas, Gooding, Jerome, Lincoln, Twin Falls, Minidoka and Cassia).

Defendant-appellant State of Idaho, through the Liquor Law Enforcement Division of the Department of Law Enforcement, is charged with the obligation to enforce Title 23, Chapter 10, sections 1033 and 1034 of the Idaho Code.

I.C. § 23–1033 prohibits wholesale beer distributors from providing any financial aid to retail outlets, including the distribution of certain promotional items not expressly allowed by statute.

Idaho Code § 23–1034 [1] (prior to amendment, S.L.1974, Ch. 117, Sec. 1, p. 1288) prohibited wholesale beer distributors from cleaning draft beer equipment except in "emergency" situations.

In January, 1972, the Department of Law Enforcement issued the following Interpretative Rule:

"Cleaning Draught Equipment and Defining the Word Emergency.

"An emergency as used in Section 23–1034, Idaho Code, is defined as 'a sudden, unexpected happening or unforseen occurrence or condition' and this department is holding that cleaning of draught equipment for maintaining sanitation and quality control on a regular basis cannot

---

W. Anthony Park, Atty. Gen., Robert L. Miller, Deputy Atty. Gen., Boise, for defendant-appellant.

1. "23–1034. *Sanitation Rules for Retailers—Wholesaler assistance.*—Licensed retailers authorized to sell beer for consumption upon such licensee's premises, shall keep their premises and all coils, cups, mugs, steins, glasses, and other utensils used in connection with the sale and dispensing of beer in a sanitary condition at all times, and shall comply with all rules and regulations issued by the department of public health in the state of Idaho and applicable to the operation of the business of such licensed retailer. Notwithstanding the provisions of section 23–1033, a wholesaler may perform emergency services as may be required to maintain sanitation and quality control and which are incident to the repair and cleaning of a licensed retailer's draught beer equipment and furnish the necessary equipment and repair parts and cleaning supplies required in the performance of such services; provided, that any equipment or parts so furnished shall be sold by the wholesaler and paid for by the retailer, at a price not less than the wholesaler's cost."

be, under the circumstances, termed an emergency * * *."

In light of the above ruling, Western Beverage, Inc. filed suit contesting the reasonableness of the legislation. The district court permanently enjoined enforcement of I.C. §§ 23–1033 and 23–1034, finding both to be unconstitutional and void. The state perfected this appeal.

For reasons set forth below, we conclude that the district court erred and that the case be reversed.

On June 15, 1973, the district court found that the prohibition against the cleaning of draft equipment by beer wholesalers denied them equal protection of the law as compared with other industries, was arbitrary and had no reasonable relationship to the promotion of the general welfare of the state. The 1974 Legislature of the State of Idaho subsequently amended I.C. § 23–1034 effective March 27, 1974. The amendment deleted the word "emergency" thereby in effect granting the respondent's requested relief. As amended, the pertinent part of the statute reads as follows:

"* * * a wholesaler may perform ~~emergency~~ services as may be required to maintain sanitation and quality control and which are incident to the repair and cleaning of a licensed retailer's draught beer equipment and furnish the necessary equipment and repair parts and cleaning supplies required in the performance of such services * * *." I.C. § 23–1034

 Controversy concerning the above statute has ceased to exist, and the issue of constitutionality as originally raised and considered by the district court is moot. This Court has consistently ruled that an appeal will be dismissed where only a moot question is involved. State ex rel. Idaho State Park Board v. City of Boise, 95 Idaho 380, 384, 509 P.2d 1301 (1973); Tryon v. Baker, 94 Idaho 222, 223, 485 P. 2d 964 (1971); Boyer v. Shoshone-Bannock Indian Tribes, 92 Idaho 257, 259, 441 P.2d 167 (1968). Therefore, we will not consider nor determine the constitutionality of I.C. § 23–1034 as it was prior to amendment or as amended.

 The district court found that I.C. § 23–1033 denied equal protection of the laws to wholesale distributors of beer products in the State of Idaho as compared with the distributors of other beverages, including soft drinks and liquor. The finding was based upon the respondent's argument that the statute is arbitrary and unreasonable in its application and enforcement in that it has no reasonable relationship to nor aids in promoting the public health, safety, welfare or morals of the people of the State of Idaho. The burden of establishing the unconstitutionality of a statute rests upon the party asserting its invalidity. Cummings v. J. R. Simplot Co., 95 Idaho 465, 468, 511 P.2d 282 (1973); Leonardson v. Moon, 92 Idaho 796, 806, 451 P.2d 542 (1969); Idaho Telephone Co. v. Baird, 91 Idaho 425, 428, 423 P.2d 337 (1967); Foster v. Walus, 81 Idaho 452, 456, 347 P.2d 120 (1959); Rich v. Williams, 81 Idaho 311, 317, 341 P.2d 432 (1959). The respondent did not meet this burden. Since the legislature is presumed to have acted within its constitutional power, Evans v. Idaho State Tax Commission, 95 Idaho 54, 57, 501 P.2d 1054 (1972), we cannot say that I.C. § 23–1033, on the facts shown in this record, is unconstitutional.

We have considered respondent's other arguments and find them to be without merit.

Reversed. Costs to appellant.

SHEPARD, C. J., McQUADE and BAKES, JJ., and HAGAN, D. J., concur.