578 P.2d 243

**Marlin L. DOWNING,**
**Plaintiff-Respondent,**

v.

**Gale W. JACOBS and Patsy J. Jacobs,**
**husband and wife,**
**Defendants-Appellants.**

**No. 12445.**

Supreme Court of Idaho.

May 2, 1978.

Bert L. Osborn of Welch & Osborn, Payette, for defendants-appellants.

John K. Gatchel of Gatchel & Batt, Payette, for plaintiff-respondent.

PER CURIAM.

On March 9, 1976, defendant-appellant Gale Jacobs sold Jake's Auction, an auction building located in Payette, Idaho, to plaintiff-respondent Marlin Downing. In conjunction with the sale the parties signed a covenant not to compete that provided as follows: "Section 1. *Covenant.* [Appellant] shall not compete with [respondent] by operating an auction house within a 50-mile radius of the city of Payette, Idaho, for a period of two years after the date of this agreement, without the written consent of [respondent].

In November, 1976, appellant attempted to conduct a toy auction in Payette through Jake's Auction Service, a related business operated as a regional, transitory auctioneer service. Respondent sought to enjoin the toy auction as in violation of the covenant not to compete. The district court restrained appellant from conducting the auction and permanently enjoined appellant from operating future auctions in violation of the covenant. Appellant appeals from the judgment below.

This court may dismiss an appeal when it appears that only a moot question

is involved. *Tryon v. Baker*, 94 Idaho 222, 485 P.2d 964 (1971); *Graves v. Berry*, 35 Idaho 498, 207 P. 718 (1922). In making this determination, this court may properly consider facts arising after the entry of the judgment appealed. *Abels v. Turner Trust Co.*, 31 Idaho 777, 176 P. 884 (1918).

 According to its terms, the covenant not to compete expired on March 9, 1978; that date has passed and the controversy has therefore ceased to exist. Any decision by this court would thus be meaningless and without effect.

Appeal dismissed. No costs allowed.