627 P.2d 310

Marjorie Ruth MOON, as State Treasurer
of the State of Idaho,
Plaintiff-Appellant,

v.

The INVESTMENT BOARD OF the
STATE OF IDAHO,
Defendant-Respondent.

No. 13333.

Supreme Court of Idaho.

April 14, 1981.

Wayne P. Fuller, Spec. Asst. Atty. Gen., Caldwell, for plaintiff-appellant.

David H. Leroy, Atty. Gen., Boise, Thomas C. Frost and Steven M. Parry, Deputy Attys. Gen., Boise, for defendant-respondent.

BISTLINE, Justice.

Appellant brought this action to challenge the constitutionality of I.C. § 67–2743A and the rules and regulations promulgated thereunder by the respondent which provided for the payment by the state of bank service charges. After an adverse decision on the merits below, appellant appealed to this Court. Appellant subsequently moved this Court to remand with directions to dismiss the action as moot. This motion was denied.

Both the statute and the rules have been repealed by the legislature, and we are informed no service charges were ever paid. The issue tried below has become moot, and this Court may properly dismiss the appeal. *Downing v. Jacobs*, 99 Idaho 127, 578 P.2d 243 (1978); *Western Beverage, Inc. v. State*, 96 Idaho 588, 532 P.2d 930 (1974). Upon reconsideration, however, we have decided the better practice is to grant appellant's motion and remand with directions to dismiss the action as moot.

Once an action is commenced, it remains pending until the time to appeal has expired, or the appeal proceeds to a final determination. I.R.C.P. 3(a). Thus this case was still pending within the judicial system when it was rendered moot, with no final decision having been reached. As stated in *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40, 71 S.Ct. 104, 107, 95 L.Ed. 36 (1950), with regard to the disposition we have decided upon, this "procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary."

The judgment of the district court is therefore vacated and the cause remanded with directions to dismiss as moot.

No costs allowed.

BAKES, C. J., and McFADDEN and DONALDSON, JJ., concur.

SHEPARD, Justice, dissenting.

I would simply dismiss the appeal.