655 P.2d 933

STATE of Idaho, Plaintiff-Respondent,

v.

Linus BOWMAN, Defendant-Appellant.

No. 14022.

Supreme Court of Idaho.

Dec. 22, 1982.

**40**

D. Frederick Hoopes, Idaho Falls, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Justice Pro Tem.

Linus Bowman, a bar owner, was cited for violation of a provision of the Idaho Falls City Code which made it unlawful for a retailer of alcoholic beverages to operate a "dance hall" or to permit dancing at his establishment without a valid "dance hall" license. He was tried in the magistrate division of the district court, was found guilty of failure to possess the required license, and was fined $100. On appeal to the district court, the conviction was affirmed. Bowman now appeals to this Court, challenging the validity of the dance hall licensing ordinance. We uphold the validity of the ordinance, and affirm the conviction.

Bowman attacks § 5–10–1, Idaho Falls City Code,[1] on three grounds. He contends:

1. The ordinance provides:
   LICENSE REQUIRED: It shall be unlawful for any retailer of alcoholic beverages which contain one-half of one percent (½ of 1%) or more of alcohol by volume to operate a dance hall or to permit dancing in his place of business until he shall first have applied for and obtained a dance hall license from the

   Clerk. Upon receipt of the application and license fee, the Clerk shall refer the application to the Chief of Police and the Police Committee and if said Chief of Police and Police Committee approve the application, the Clerk shall thereupon issue a license. If the Chief of Police and Police Committee fail or refuse to approve the application, the ap-

(1) that the ordinance is unconstitutional as a denial of the equal protection guarantees of the Idaho and United States constitutions, (2) that the ordinance has been discriminatorily applied in violation of those same guarantees, and (3) that the ordinance is not a regulatory measure but rather is an unauthorized revenue measure, and is therefore invalid.

■ Preliminarily, we note that because this is a criminal action, the burden was upon the state to prove Bowman guilty of the substantive charge. However, because Bowman challenges the validity of the ordinance under which he was convicted, the burden is upon him to establish the unconstitutionality of the ordinance. *State v. Clark,* 88 Idaho 365, 399 P.2d 955 (1965). *See also Western Beverage, Inc. v. State,* 96 Idaho 588, 532 P.2d 930 (1974) and cases cited therein.

I.

Bowman first contends that requiring bars and taverns where dancing takes place to be licensed, while other bars and taverns with no dancing facilities need not be licensed, creates an unreasonable and arbitrary classification. He maintains the proper test, for determining whether the ordinance creates an unreasonable and arbitrary classification, is whether the classification is based upon material and substantial differences having a reasonable relation to the purpose of the statute or ordinance. We disagree with Bowman's contention.

This Court has defined and adhered to a "new," intermediate equal protection standard which is stricter than the traditional "rational basis" standard but which falls short of the more severe "strict scrutiny" test. This intermediate standard of equal protection review has been described as "means-focus" because it tests whether the legislative "means" substantially furthers some specifically identifiable legislative end. *See Jones v. State Board of Medicine,* 97 Idaho 859, 867, 555 P.2d 399, 407 (1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). In *Jones,* this Court noted, however, that the stricter "means-focus" test which had been applied in cases involving "statutes of a blatantly discriminatory nature" was not intended to replace the traditional, restrained-view standard of equal protection tests, "except in those special cases involving invidiously discriminatory classifications." *Id.* The restrained-view standard remains applicable where classification statutes deal with economic matters or matters of social welfare. *See, e.g., Leliefeld v. Johnson,* 104 Idaho 357, 659 P.2d 111 (1982); *Jones v. State Board of Medicine, supra.*

■ The ordinance here under attack is an exercise of a municipality's police power in the interest of social welfare. It provides for a degree of municipal control over establishments that sell alcoholic beverages and allow dancing. Where invidious discrimination has not been shown, as is the case here, the proper standard for review is the restrained view of the rational basis test. Under this test, a classification will withstand an equal protection challenge if there is any conceivable state of facts which will support it. *School Dist. No. 25, Bannock County v. State Tax Commission,* 101 Idaho 283, 288, 612 P.2d 126, 131 (1980). The burden is on the one attacking the ordinance to negative every conceivable basis which might support it. *Id.*

The classification created by this municipal ordinance—which draws a distinction between establishments that sell liquor and allow dancing, and establishments where liquor is sold but dancing is not allowed, requiring only the former class to obtain a license—is conceivably based on a perceived difference in the likelihood of public disturbances occurring at either type of establishment. A bar or tavern which provides facilities for public dancing might very well be expected to draw larger crowds of people. And it might be expected that where large groups of people are both drinking and dancing, the possibility of incidents requiring a greater exercise of the city's police power pertinent to health and safety

plication shall be presented to the Council at      a meeting thereof for approval or rejection.

**42**

exists. A failure of experience to support the assumptions implicit in the classification is not an adequate ground to overturn the ordinance.

■ Here, we are not concerned with the wisdom of the ordinance. We are concerned only with whether the ordinance, or its application, is unreasonable, arbitrary, capricious or discriminatory; it will not be held to be so where it reflects a reasonably conceivable, legitimate public purpose. *State v. Cantrell,* 94 Idaho 653, 496 P.2d 276 (1972); *Caesar v. Williams,* 84 Idaho 254, 371 P.2d 241 (1962); *Gartland v. Talbott,* 72 Idaho 125, 237 P.2d 1067 (1951); *Rowe v. City of Pocatello,* 70 Idaho 343, 218 P.2d 695 (1950). Bowman has not made a showing that would undermine every conceivable basis which might support the ordinance. *School District No. 25, supra.* We hold that § 5–10–1, Idaho Falls City Code, does not create an unreasonable and arbitrary classification in violation of the general constitutional guarantees of equal protection.

## II.

■ Bowman next contends that the subject ordinance has been applied in a discriminatory manner, denying him equal protection of the law. For this contention to be successful, Bowman must show a deliberate and intentional plan of discrimination against him, based upon some unjustifiable or arbitrary classification. *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); *Xerox Corp. v. Ada County Assessor,* 101 Idaho 138, 609 P.2d 1129 (1980); Annot., 95 A.L.R.3d 280, 293–99 (1979).

■ Here, Bowman has shown, at best, selective enforcement. The fact that law enforcement officials may have checked Bowman for compliance with the ordinance more frequently than owners or operators of other establishments, does not constitute unlawful discriminatory application of the ordinance. *See State v. Horn,* 101 Idaho 192, 610 P.2d 551 (1980). *See also Commonwealth v. Winfree,* 408 Pa. 128, 182 A.2d 698, 699 (1962) *and* Annot., 95 A.L.R.3d at 319–21. Nor does the exercise of a prosecutor's discretion as to whom and when to prosecute constitute unlawful discrimination. *State v. Horn, supra.* We hold that Bowman failed to show a discriminatory application of the ordinance.

## III.

Finally, Bowman contends that the ordinance in question is invalid as an unauthorized tax, citing *State v. Nelson,* 36 Idaho 713, 213 P. 358 (1923). In *Nelson* this Court affirmed an order dismissing charges against a physician for failure to pay a city license fee, holding that the city ordinance—which required a license fee for certain specified trades, professions and businesses—was an unauthorized tax levy. We concluded the ordinance was not enacted as a police regulation but rather was imposed as a revenue-raising measure, which could only be upheld under the power of taxation. Because municipalities were restricted from levying taxes, the ordinance was held invalid. *Id.* at 722, 231 P. at 361.

Bowman contends that the dance-hall license requirement is similarly invalid as a revenue-raising measure. In *Nelson,* we noted two indicators that the city ordinance was an unauthorized tax. First, the ordinance in *Nelson* had as its expressed purpose "'the raising of revenue by levying and collecting a license tax....'" *Id.* at 716, 213 P. at 358. Second, the ordinance had no provisions of regulation. *Id.* at 722, 213 P. at 361.

The present case is distinguishable from *Nelson,* in that the first indicator, i.e., acknowledgment of revenue-raising purpose, is completely absent from the ordinance in question, and the second indicator, i.e., the lack of regulatory provisions, is also absent. Section 5–10–4 of the dance-hall licensing ordinance provides for regulation of dance hall operating hours by limiting the time when dancing is allowed, in establishments where alcoholic beverages are sold. The ordinance also provides for a process of review of the license application by the chief of police, a "police committee," and the City Council. § 5–10–1, Idaho Falls City Code, n. 1, *supra.*

■ In *Foster's, Inc. v. Boise City*, 63 Idaho 201, 118 P.2d 721 (1941), it was held that an ordinance requiring payment of a fee does not unlawfully raise revenue if the amount of the fee exacted bears some reasonable relation to the costs of the regulation. *See also State v. Nelson, supra.* It is only reasonable and fair to require the business activity that necessitates policing to pay such costs. *Foster's, Inc. v. Boise City*, 63 Idaho at 218, 118 P.2d at 728. The fact that the fees charged bring in more than the actual cost of regulating the activity is not sufficient to indicate a revenue-raising purpose. However, the spread between the actual cost of administration and the amount of fees collected must not be so great as to evidence on its face a revenue measure rather than a license tax measure. *Id.* at 219, 118 P.2d at 728.

The annual license fee required of Bowman by § 5–10–2 of the ordinance was $100. Bowman contends this amount is excessive in light of the limited amount of enforcement or supervisory activity conducted by the city. A similar argument was posed to the Supreme Court of Pennsylvania, in a case involving a municipal license fee for vehicles operating with sound amplification equipment on city streets. The Pennsylvania court observed:

> In determining the reasonableness of the amount of a license fee two principles must be borne in mind: (a) the party who claims that the amount of a license fee is unreasonable has the burden of so proving and (b) in matters of this character municipalities must be given some latitude in fixing charges to cover anticipated expenses to be incurred in the enforcement of the ordinance and all doubt should be resolved in favor of the reasonableness of the fee.

*Commonwealth v. Winfree,* 408 Pa. 128, 182 A.2d 698, 703 (1962).

Consistent with the principles in *Winfree,* it has been held in Idaho that municipal ordinances are presumed to be valid, and the ultimate burden of persuasion is on the party attacking the validity of an ordinance. *Hendricks v. City of Nampa,* 93 Idaho 95, 98–99, 456 P.2d 262, 265–66 (1969).

Our review of the trial record discloses that little evidence was produced by Bowman to indicate whether the license fee bears a reasonable relation to the costs of implementing the provisions of the dance-hall ordinance. The actual costs of regulation were not shown. Bowman produced evidence that the city clerk's office incurred minimal time and expense in issuing the licenses. We note, however, that the ordinance calls for review of license applications by the city chief of police and the police committee. § 5–10–1, Idaho Falls City Code, n. 1, *supra.* The actual time and expense of such a review was not shown. Nor were the incidental expenses connected with the enforcement of the ordinance, including the cost of constant inspection of the licensed premises to assure compliance. Although it is conceivable that the calculation of such administrative expense would show they are minimal, it is also conceivable that such costs approximate the license fee. Evidence necessary for such a calculation is not before us.

■ Absent a showing of such disproportion between the amount of the license fees collected and the costs of administration—so as to indicate on its face that the ordinance was in fact a revenue measure, *Foster's Inc., supra,*—the question must be resolved by upholding the reasonableness of the fee. *Winfree, supra.* We conclude that Bowman failed to carry his burden of showing the unreasonableness of the fee amount, and his attack on the ordinance in this regard must therefore fail.

Accordingly, the order of the district court sustaining the conviction is affirmed.

BAKES, C.J., and DONALDSON and SHEPARD, JJ., concur.

BISTLINE, Justice, concurring.

I have joined the Court's opinion because I believe that the license requirement is *undoubtedly* within the municipality's police power. Human experience teaches that there is apt to be more trouble in drinking establishments which permit dancing than in those which do not. Such being so, it

stands to reason that a city might very well want some funds with which to employ a policeman to show himself at dance halls from time to time. The record does not show that this has taken place, although it may have. However, as the Court correctly notes, this is not the requirement. It is sufficient that a conceivable and legitimate purpose of the license requirement is to provide a fund with which to cover the likely increase in the cost of policing establishments which allow dancing.