# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39830-2012

<table>
<tr><td>

STATE OF IDAHO,

    Plaintiff,

v.

MATT EUGENE RUCK,

    Defendant.

_____

MLDC GOVERNMENT SERVICES CORP.,

    Petitioner-Appellant,

v.

COUNTY OF LATAH, DEPARTMENT OF PROBATION AND PAROLE, JACKYE SQUIRE LEONARD, ANDREW NELSON, STATE OF IDAHO, LATAH COUNTY SHERIFF'S DEPARTMENT, and DEPARTMENT OF CORRECTIONS,

    Respondents.

</td><td>

Boise, September 2013 Term

2013 Opinion No. 109

Filed: November 26, 2013

Stephen W. Kenyon, Clerk

</td></tr>
</table>

Appeal from the District Court of the Second Judicial District of the State of Idaho, in and for Latah County. The Hon. Carl B. Kerrick, District Judge.

The order of the district court is affirmed.

Andrew M. Schwam, Moscow, argued for appellant.

Kenneth K. Jorgensen, Deputy Attorney General, Boise, argued for the State respondents.

_____

EISMANN, Justice.

This is an appeal out of Latah County from an order denying an employer's motion to have a laptop returned that had been seized from its employee during a search conducted at the employee's home by a probation officer. We affirm the order denying return of the laptop, but hold that the laptop cannot be searched without a search warrant issued upon a judicial finding of probable cause.

## I.
### Factual Background.

MLDC Government Services Corp. (Employer) had an employee named Matt Eugene Ruck (Employee) who was on felony probation for the crime of forgery. Employer knew the terms and conditions of the probation, which included that Employee not leave the State of Idaho without written permission of his probation officer and that he consent to a search of his person, vehicle, residence, and property. Employee's employment duties required that he travel regularly, and Employer provided him with an Employer-owned laptop computer for business use. Employer allowed Employee to take the laptop wherever he desired, including on business trips and to his home.

On June 22, 2011, two probation officers went to Employee's residence to conduct a standard home visit and to inquire about his recent attempt to purchase a firearm. It is a felony for any person previously convicted of a felony to purchase, own, or possess a firearm or have one under his custody or control, I.C. § 18-3316(1), and it is a felony to attempt to do so, I.C. §§ 18-306(2), 18-111. During the visit, one of the officers noticed a backpack on the kitchen table. She asked Employee if it was his backpack, and he responded that it was. The officer looked through the backpack and discovered airline boarding passes and other information indicating that Employee had traveled out of state. The officer questioned Employee about such travel, and he ultimately admitted to traveling out of state.

The officer also found the Employer-provided laptop in the backpack and removed it. Employee told the officer that it was a work computer. The officer seized the laptop and left with it in order to later search it to see if it contained evidence of Employee violating the terms of his probation. Prior to leaving, the officer asked Employee for the computer password, and he gave it to her.

2

On June 27, 2011, Employer filed a civil action seeking the return of the laptop pursuant to Idaho Criminal Rule 41 and a temporary restraining order and injunction preventing any search of the laptop until it could be determined what information in it was privileged. Pursuant to the stipulation of the parties, the judge presiding over the civil proceeding entered an order on June 28, 2011, stating that the Department of Correction would retain possession of the laptop and that any copies made of data contained in it shall be sealed and not viewed until there was a hearing to determine the rights and protections regarding ownership of that data. After an evidentiary hearing in the civil proceeding, the presiding judge ordered that it be stayed and that the matter be referred to the judge presiding over the criminal case.

The matter was then presented to the judge presiding over Employee's criminal case. After reviewing the documents filed in the civil proceeding and the transcript of the evidentiary hearing, the judge denied Employer's motion for the return of the laptop. Employer then timely appealed.

## II.
### Is the Order Denying Employer's Motion for Return of the Laptop Appealable?

This is an appeal from the order denying Employer's motion for the return of its laptop. The motion was made and denied in a criminal action pursuant to Idaho Criminal Rule 41(e), which permits a person aggrieved by a search and seizure to obtain the return of property that was illegally seized. There is no right to appeal that order unless such right is provided in Rule 11(c) of the Idaho Appellate Rules. *State v. Molinelli*, 105 Idaho 833, 834, 673 P.2d 433, 434 (1983). That rule provided at the time the appeal was filed:

> An appeal as a matter of right may be taken to the Supreme Court from the following judgments and orders:
> . . . .
> (c) Criminal Proceedings. From the following judgments and orders of the district court in a criminal action, whether or not the trial court retains jurisdiction:
> (1) Final judgments of conviction.
> (2) An order granting or denying a withheld judgment on a verdict or plea of guilty.
> (3) An order granting a motion to dismiss an information or complaint.
> (4) Any order or judgment, whenever entered and however denominated, terminating a criminal action, provided that this provision shall not

3

authorize a new trial in any case where the constitutional guarantee against double jeopardy would otherwise prevent a second trial.

(5) Any order, however denominated, reducing a charge of criminal conduct over the objection of the prosecutor.

(6) Any judgment imposing sentence after conviction, except a sentence imposing the death penalty which shall not be appealable until the death warrant is issued as provided by statute.

(7) An order granting a motion to suppress evidence.

(8) An order granting or denying a motion for new trial.

(9) Any order made after judgment affecting the substantial rights of the defendant or the state.

(10) Decisions by the district court on criminal appeals from a magistrate, either dismissing the appeal or affirming, reversing or remanding.

There is no subsection of Rule 11(c) that permits an appeal from an order denying a motion under Idaho Criminal Rule 41(e) for the return of property illegally seized. Therefore, Employer does not have any right to appeal that order. However, "[t]he Idaho Constitution grants this Court the plenary power to review any decision of the district court." *State v. Bicknell*, 140 Idaho 201, 203, 91 P.3d 1105, 1107 (2004). Because the parties have briefed and argued this case, the failure to provide for an appeal from an order under Rule 41(e) was apparently an oversight, the appeal involves the seizure of property from a party not involved in the criminal action, and we have not previously interpreted Rule 41(e), we will exercise our plenary power to consider the appeal.

### III.
### Was this Matter Required To Be Brought in Employee's Criminal Case?

Employer initially sought to regain its property by commencing a civil action. The judge presiding over that proceeding ordered that the matter be referred to the judge presiding over Employee's criminal case. The determination of whether the attempt to regain the laptop should have been brought as a civil action or as a motion in the criminal case depends upon whether Employee's criminal action was still *pending* as that term is used in Idaho Criminal Rule 41(e).[1]

---

[1] Idaho Criminal Rule 41(e) states:

A person aggrieved by a search and seizure may move the district court for the return of the property on the ground that the person is entitled to lawful possession of the property and that it was illegally seized. The motion for the return of the property shall be made only in the criminal action if one is pending, but if no action is pending a civil proceedings may be filed in the county

4

Rule 41(e) states that "[t]he motion for the return of the property shall be made only in the criminal action if one is pending, but if no action is pending a civil proceedings may be filed in the county where the property is seized or located."

At the time the laptop was seized, Employee had been sentenced and had been on probation for more than four years. Employer contends that at that point, no criminal action was pending. He cites the definition of the word "pending" in Black's Law Dictionary, which is "remaining undecided; awaiting decision <a pending case>." The meaning of the word "pending" depends upon the context. For example, in *Moon v. Investment Board of State of Idaho*, 102 Idaho 131, 627 P.2d 310 (1981), this Court stated, "Once an action is commenced, it remains pending until the time to appeal has expired, or the appeal proceeds to a final determination." *Id*. at 131, 627 P.2d at 310. However, *Moon* was a civil case.

In *State v. Ensign*, 38 Idaho 539, 223 P. 230 (1924), this Court equated whether a case was pending with whether the trial court still had jurisdiction to take further action. In *Ensign*, the defendant had pleaded guilty, been sentenced, and was serving his six-month jail sentence when the county commissioners and county judge filed a petition asking that the sentence be annulled because the defendant had been sufficiently punished. *Id*. at 541, 223 P. at 231. About two months later, the sentencing judge issued an order annulling the jail sentence and remitting the fine. *Id*. A writ of review was filed seeking review of the sentencing judge's order, and this Court first addressed whether there was a remedy of direct appeal pursuant to a statute that provided the state could appeal "[f]rom an order made after judgment affecting the substantial rights of the prosecution." *Id*. at 542, 223 P. at 231. We held that such provision was not applicable because it only applied when the action was still pending—when the trial court still had jurisdiction to take action. We stated:

> That subdivision refers to an order made while the action to which it purports to relate is still pending and the court has jurisdiction to take further action. It does not refer to an order made when the action to which it purports to relate is no longer pending and the court has lost all jurisdiction to take any further action.

*Id*. at 543, 223 P. at 231.

---

where the property is seized or located. The court shall receive evidence on any issue of fact necessary to the decision on the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing after a complaint, indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

In this case, the seven-year period of probation had not yet expired.[2]  Therefore, the district court in the Employee's criminal case still retained jurisdiction to take some action.  It had the power to modify the conditions of Employee's probation,[3] to extend or terminate the probation,[4] and to conduct probation violation proceedings, which could result in revoking probation and imposing the suspended sentence.[5]  Because the district court still had jurisdiction regarding Employee's probation, the criminal case was still pending within the meaning of that word in Idaho Criminal Rule 41(e).  The district judge who was presiding over the civil proceeding commenced by Employer did not err in referring this matter to the district judge presiding over Employee's criminal action as required by Rule 41(e).

Employer argues on appeal that it cannot intervene in Employee's criminal action and therefore "there is no appropriate forum in the criminal court for MLDC to file an I.C.R. 41(e) motion and it must be filed as a civil action."  Employer's petition filed as a civil action was

---

[2] Idaho Code section 19-2602 conflicts with Idaho Code section 20-222 with respect to when probation violation proceedings must be commenced.  Section 19-2602 states that the court may issue a warrant for a probation violation "at any time within the longest period for which the defendant might have been originally sentenced by judgment of the court."  Section 20-222 states that the judge may issue a warrant "[a]t any time during probation or suspension of sentence."  The quoted provisions of the two statutes cannot be reconciled.  Although the period of probation for a felony could extend to the longest period for which the defendant might have been sentenced, I.C. § 20-222, the court may impose a shorter period of probation, as it did in this case.  Employee could have been placed on probation for fourteen years, I.C. §§ 18-3604 & 20-222, but he was only placed on probation for seven years.  Under section 19-2602, probation violation proceedings could be instituted against Employee seven years after his probation had terminated, while under section 20-222 the proceedings must be instituted before his period of probation had ended.  "[W]hen two governmental promulgations are in irreconcilable conflict, the one enacted later in time governs." *Mickelsen v. City of Rexburg*, 101 Idaho 305, 307, 612 P.2d 542, 544 (1980).  Section 19-2602 was enacted in 1915 (Ch. 104, § 1, 1915 Idaho Sess. Laws 244, 245), and Section 20-222 was enacted 1947 (Ch. 53, § 22, 1947 Idaho Sess. Laws 59, 64).  Section 20-222 being that latter enacted statute, its provision as to when probation violation proceedings must be commenced controls.

[3] Idaho Code section 20-221 provides:  "By order duly entered the court may impose and may at any time modify any conditions of probation or suspension of sentence.  The court shall cause a copy of any such order to be delivered to the probation officer and parole officer and to the probationer."

[4] Idaho Code section 20-222 provides, in part, "The period of probation or suspension of sentence may be indeterminate or may be fixed by the court, and may at any time be extended or terminated by the court."

[5] Idaho Code section 20-222 provides, in part:
    At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested.  Thereupon the court, after summary hearing may revoke the probation and suspension of sentence and cause the sentence imposed to be executed, or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction.

treated as a motion under Idaho Criminal Rule 41(e) in Employee's criminal action. The district court in the criminal action held a hearing on the motion. It considered the transcript of the evidentiary hearing held in the civil proceedings, at which Employer presented the testimony of its president and the probation officer; the memoranda submitted by Employer; and the written response of the Department of Correction. Employer did not request any additional evidentiary hearing in the criminal action. Thus, Employer had an appropriate forum in which to raise and have its motion decided.

Employer also argues that Employee was denied due process because the State did not give him notice of Employer's motion for the return of the laptop and did not serve a copy of the State's request for a hearing on that motion upon Employee. "It is axiomatic that one has standing to litigate his or her own due process rights." *Campbell v. Louisiana*, 523 U.S. 392, 400 (1998). Employer has not presented any argument or authority supporting any right it has to raise Employee's alleged deprivation of due process, nor has it shown how the district court's ruling in denying Employer's motion could in any way impact Employee's rights. If Employee contends that the laptop was illegally seized and that it should be suppressed as evidence in a probation violation proceeding, he could raise that issue.

## IV.
## Did the District Court Err in Denying the Motion for Return of the Laptop?

Rule 41(e) provides, "A person aggrieved by a search and seizure may move the district court for the return of the property on the ground that the person is entitled to lawful possession of the property and that it was illegally seized." The rule further provides, "If a motion for return of property is made or comes on for hearing after a complaint, indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12." "When a defendant moves to exclude evidence on the grounds that it was obtained in violation of the Fourth Amendment, the government carries the burden of proving that the search or seizure in question was reasonable." *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). However, in this case, Employer is not the defendant in the criminal action who is seeking to suppress evidence.[6]

---

[6] Because we are not presented with the issue, we express no opinion as to whether the exclusionary rule applies in probation violation proceedings. *See Pennsylvania Bd. of Prob. and Parole v. Scott*, 524 U.S. 357 (1998) (the exclusionary clause does not apply to parole violation proceedings).

Therefore, we hold that Employer has the burden of proving that it is entitled to lawful possession of the laptop and that the laptop was illegally seized. There is no dispute in this case that Employer is the owner of the laptop. Therefore, the issue is whether the district court erred in failing to find that the laptop was illegally seized.

The conditions of Employee's probation included a provision stating that he "shall submit to a search of defendant's person, vehicle, residence, and/or property."[7] Employee also signed an Agreement of Supervision and initialed each provision in it, one of which stated that he "shall consent to the search of his/her person, residence, vehicle, personal property, and other real property or structures owned or leased by the defendant or for which the defendant is the controlling authority."[8] The backpack was Employee's property. Therefore the probation officer could search it.

If, during a lawful search of a private area, an officer sees an object in plain view, the incriminating character of the object is immediately apparent, and the officer has a lawful right to access the object, the officer may seize it. *Horton v. California*, 496 U.S. 128, 136-37 (1990). The officer must have probable cause to believe that the object is evidence of a crime or contraband. *Arizona v. Hicks*, 480 U.S. 321, 326-27 (1987). The Supreme Court has stated that "in the case of 'mere evidence,' probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction." *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 307 (1967). The Supreme Court has not yet dealt with the issue of whether the plain-view doctrine permits the seizure of evidence of a probation violation.

We find persuasive the reasoning of the Sixth Circuit Court of Appeals on that issue. In *United States v. Herndon*, 501 F.3d 683 (2007), the court held that "[f]or the purposes of our

---

[7] The entire condition of probation stated:
> (9) Search: The defendant shall submit to a search of defendant's person, vehicle, residence, and/or property conducted in a reasonable manner and at reasonable times by any agent of the Division of Probation and Parole of the Idaho State Board of Correction in order to determine whether or not the defendant is complying with the terms and conditions of his probation.

[8] The entire provision regarding search in the Agreement of Supervision stated:
> 11. Search: The defendant shall consent to the search of his/her person, residence. vehicle, personal property, and other real property or structures owned or leased by the defendant or for which the defendant is the controlling authority conducted by any agent of the Idaho Dept of Correction or law enforcement officer. The defendant waives his/her Fourth Amendment Rights concerning searches.

Fourth Amendment inquiry here, a probationer's violation of the terms of probation is comparable to his violation of a criminal statute." *Id*. at 689. In reaching that conclusion, the court pointed out that for violating the conditions of his probation, the probationer could be arrested, incarcerated in jail or prison, and punished for indirect contempt. *Id*. Under Idaho law, "[a]t any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested." I.C. § 20-222. If the probationer is found to have violated any of the conditions of probation, the court may revoke the probation and order the execution of any suspended sentence or, if judgment had been withheld, pronounce any sentence that it could have originally pronounced. I.C. § 19-2603. If the court elects not to revoke probation, it can order a period of incarceration in the county jail as a condition of continuing the probationer on probation. *See Jakoski v. State*, 136 Idaho 280, 284-85, 32 P.3d 672, 676-77 (Ct. App. 2001). Likewise, the violation of a condition of probation could be punished as contempt, I.C. § 7-601(5), or it could constitute a misdemeanor, I.C. § 18-1801(4). Thus, we hold that the plain-view doctrine applies to evidence of a probation violation.

In *Hicks*, the Supreme Court stated, "We do not say, of course, that a seizure can never be justified on less than probable cause." 480 U.S. at 327. In *Griffin v. Wisconsin*, 483 U.S. 868 (1987), the Court stated that a "State's operation of a probation system . . . presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements." *Id*. at 873-74. The Court noted that the goals of rehabilitation and community safety "require and justify the exercise of supervision to assure that the restrictions are in fact observed," and it held that "[s]upervision, then, is a 'special need' of the State permitting a degree of impingement upon privacy that would not be constitutional if applied to the public at large." *Id*. at 875. The Court concluded that "the probation regime would also be unduly disrupted by a requirement of probable cause." *Id.* at 878.

The Court later held that no more than reasonable suspicion was required to conduct a search of a probationer's house. *United States v. Knights*, 534 U.S. 112, 121 (2001). The Court recognized that "[j]ust as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." *Id*. at 119. The Court held that a condition of probation requiring the probationer to "[s]ubmit his . . . person, property, place of residence,

9

vehicle, personal effects, to search at anytime, with or without a search warrant, warrant of arrest or reasonable cause by any probation officer or law enforcement officer" significantly diminished the probationer's reasonable expectation of privacy. *Id.* at 114 & 119-20. In holding that no more than reasonable suspicion is needed to conduct a search of the probationer's home, the Court also considered the hope that the probationer would successfully complete probation and be reintegrated back into society and the reality that probationers have a greater likelihood of engaging in criminal activity than do ordinary citizens. *Id.* at 119-21.

With respect to the seizure of the laptop, the probation officer stated in her affidavit that the laptop was found in the Employee's backpack where she also found receipts and boarding passes indicating that he had violated his probation by traveling out of state without permission. She stated that she seized the laptop with the intention of searching it "for further indications of Mr. Ruck violating the terms of his probation."

In denying Employer's motion for the return of the laptop, the district court found that, "based upon the totality of the circumstances, it is reasonable to believe the computer may hold evidence that Ruck was in violation of the probation order, specifically with respect to whether Ruck was traveling without permission, or engaging in financial transactions which are prohibited by the order." Employer does not challenge that finding on appeal, nor does Employer argue that the probation officer lacked probable cause to believe that the laptop may contain evidence that Employee violated the conditions of his probation. We therefore need not decide whether reasonable suspicion that a third party's property was or contained evidence that a probationer violated the conditions of his or her probation would justify a warrantless seizure of that property.[9] Because Employer has not challenged on appeal the factual finding by the district court that it was reasonable for the officer to believe that the laptop may contain evidence of a probation violation, we hold that the district court did not err in denying Employer's motion for the return of the laptop.

Employer argues that the provisions of the probation condition and Agreement of Supervision regarding consenting to searches do not permit the seizure of any items, particularly

---

[9] The probation officer stated in her affidavit that after finding the laptop in the backpack but before seizing it, Employee indicated that it was a work computer. We are not holding that an officer is required to accept the word of a probationer as to the ownership of items in the probationer's possession and control. However, the probation officer did not indicate in either her affidavit or her hearing testimony that she doubted the laptop was owned by Employer.

those owned by someone other than Employee.  As explained above, the legality of the seizure was not based upon consent.  It was based upon the right of an officer, under certain circumstances, to seize evidence in plain view.

Employer also contends that the seizure of the laptop was a "pretextual 'stalking horse.' " It asserts, "Here, the State has sought out evidence against MLDC through subterfuge by using Mr. Ruck as a smoke screen."  Employer made that assertion in the district court, arguing that the failure of the probation officer to seize Employee's personal computers at his residence showed that the probation officer was "waiting until an employee brings home his work computer so they can create a reason to seize the corporate property."  There is no evidence that the probation officers even knew that Employee had an employer-provided laptop before the search of the backpack.  Allegations unsupported by any evidence are insufficient to support Employer's stalking-horse assertion.

## V.
### Is the State Entitled to Search the Laptop?

The issue with respect to Employer's motion for the return of the laptop was whether the laptop was illegally seized, not whether the State could search the laptop.  However, in its decision, the district court assumed that the State had the right to search the laptop.  It wrote, "If the parties cannot reach an agreement regarding the method of searching the computer, the Court will entertain a motion for a protective order which would allow the information on the computer to be submitted to the Court under seal."

As a result, Employer has raised on appeal the issue of whether the State has the right to search the laptop without a search warrant.  The interest protected by the Fourth Amendment injunction against unreasonable seizures is quite different from the interest protected against unreasonable searches.  *Hicks*, 480 U.S. at 328.  Thus, holding that the seizure was not illegal does not mean that the State can automatically search the laptop without a search warrant.

Employee's condition of probation requiring that he consent to searches and the relevant provision in the Agreement of Supervision do not address consenting to the search of personal property owned by a third person.  It is clear that Employee had authority to consent to the search of the laptop because Employer had given him possession of the laptop and authorized

11

him to take it wherever he desired, including to his home.  *See Frazier v. Cupp*, 394 U.S. 731, 740 (1969); *United States v. Matlock*, 415 U.S. 164, 171 (1974); *State v. Barker*, 136 Idaho 728, 731, 40 P.3d 86, 89 (2002).  It is not clear whether Employee did consent to a search of the laptop.  There is no evidence that the probation officer expressly asked for his consent.  The officer merely asked for the password, which Employee gave her.

The officers did not search the laptop while they were at Employee's home, and apparently have yet to search it.  Because Employer is the owner of the laptop, it can revoke any consent allegedly given by Employee.  *See Georgia v. Randolph*, 547 U.S. 103, 111 (2006).  Because Employer is not on probation, there is no basis for reducing the standard required for a search of the laptop.  Therefore, the State cannot search the laptop without a warrant issued based upon a judicial determination that there is probable cause to believe that evidence of Employee's probation violation is contained in the laptop.

## VI.
### Conclusion.

We affirm the denial of Employer's motion for the return of the laptop.


Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**

12