# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40044

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 541 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRUCE L. DIEHL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Clark County. Hon. Joel E. Tingey, District Judge.

Order of probation and order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Bruce L. Diehl was convicted of fleeing or attempting to elude a police officer and felony malicious injury to property. The court retained jurisdiction and ultimately placed Diehl on probation. Diehl argues that placing him on probation without a hearing violates court rules, statutes, and constitutional provisions.

## I.

## BACKGROUND

Diehl was convicted of fleeing or attempting to elude a peace officer, Idaho Code § 49-1404, and felony malicious injury to property, I.C. § 18-7001(2). The court imposed an aggregate sentence of four years in prison with two years fixed, but retained jurisdiction for up to 365 days. On February 9, 2012, and in line with an Idaho Department of Correction recommendation, the court placed Diehl on probation. While the precise procedure used is not

1

clear from the record, it appears that no hearing was conducted prior to the probation order, and the parties agree that the decision was rendered without Diehl being present. The record contains no direct evidence that Diehl ever consented to the terms of probation, including terms that purport to waive certain constitutional rights.

On April 12, 2012, the State filed a report alleging five probation violations, including drug possession and use, firearm possession, and failure to report to probation officers.[1] In response, in June 2012, Diehl filed a pro se "Motion for Correction of Illegal Sentence" that asserted, inter alia, that the court had violated the law by issuing an order placing Diehl on probation without Diehl being present. His motion requested that his "sentence be set aside by the court." The district court denied the motion. It reasoned that Diehl was present at the original sentencing proceedings when the court retained jurisdiction in order to determine whether probation was appropriate and that in placing Diehl on probation after a period of retained jurisdiction, the court had acted consistent with its original disposition. Accordingly, the district court held that placing Diehl on probation was not a "modification of the sentence" such that his presence was required.

## II.
## ANALYSIS

On appeal, Diehl argues that the district court violated Idaho law and Diehl's constitutional rights by placing him on probation *in absentia* and without his consent, and that consequently, the order placing him on probation must be vacated and declared void *ab initio*. In the alternative, he argues that even if it was permissible to place him on probation in his absence, the waiver of his Fourth Amendment rights in the terms of probation could not be imposed *in absentia* and without his consent, making that waiver void *ab initio*.

In his appellate argument, Diehl does not posit the issue as error in the denial of his "Motion for Correction of Illegal Sentence," but rather presents his argument as a direct attack on the order placing him on probation, without acknowledging that the only way in which these issues were raised below was in the motion. We surmise that Diehl does not directly argue error in the denial of the motion because the motion was untimely, as explained below. Further, he did

---

[1]    The State later sought and obtained an order dismissing the probation violations, without prejudice, noting that the federal government was bringing charges against Diehl.

2

not respond to the State's argument on appeal that his claim of error was not preserved by a timely motion in the trial court.

Diehl's pro se motion asserted that his sentence was unlawful because the probation was imposed without Diehl being present. The motion can only be characterized as one brought pursuant to Idaho Criminal Rule 35, which authorizes motions to correct or reduce a sentence. As is relevant here, Rule 35 permits a defendant to challenge "a sentence that is illegal from the face of the record" or a sentence "imposed in an illegal manner." A motion challenging a sentence as illegal may be brought "at any time," I.C.R. 35(a), but a motion contending that a sentence was imposed in an illegal manner generally must be filed within 120 days of the judgment or order complained of. I.C.R. 35(b).

A sentence is "illegal" within the meaning of Rule 35 only if it is in excess of statutory limits or otherwise contrary to applicable law. *State v. Peterson*, 148 Idaho 610, 613, 226 P.3d 552, 555 (Ct. App. 2010); *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003). Diehl does not argue that the sentence itself, probation, is not authorized by law. Rather, the claim in Diehl's Rule 35 motion was that the sentence was imposed in an illegal manner. Consequently, Diehl's motion was time-barred because it was not filed within 120 days of the district court's order placing him on probation. Diehl was placed in probation on February 9, 2012, he signed his Rule 35 motion on June 18, 2012, and it was filed with the district court on June 20, 2012. The 120-day period to file a motion to challenge a sentence imposed in an illegal manner expired on June 8, 2012.

Diehl seems to attempt to avoid the time-bar of the Rule 35 motion by ignoring the motion in his argument on appeal and instead directly arguing error in the order placing him on probation. However, he made no objection or challenge to that order in the proceedings below except through the Rule 35 motion. An alleged error that was not raised below generally may not be considered for the first time on appeal.[2] *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *State v. McGiboney*, 152 Idaho 769, 772, 274 P.3d 1284, 1287 (Ct. App. 2012). We acknowledge that Diehl could not have made a contemporaneous objection to the probation order because he was not present, but he could have objected through a timely Rule 35 motion, a motion objecting to the terms of probation, *see State v. Ruck*, 155 Idaho 475, 480, 314 P.3d 157,

---

[2]    Diehl does not argue that the sentence constituted fundamental error.

162 (2013) (holding that the court has the authority to amend terms of probation pursuant to I.C. § 20-221); *State v. Wardle,* 137 Idaho 808, 810, 53 P.3d 1227, 1229 (Ct. App. 2002) (reviewing a motion challenging certain terms of probation); *State v. Breeden*, 129 Idaho 813, 816, 932 P.2d 936, 939 (Ct. App. 1997) (rejecting a claim because a defendant "never filed a motion for modification of this probation condition on the ground of impossibility"), or a motion declining probation and asking for execution of his sentence. *State v. McCool*, 139 Idaho 804, 807, 87 P.3d 291, 294 (2004) ("A defendant may decline probation when he [or she] deems its conditions too onerous, and demand instead that he [or she] be sentenced by the court." (quoting *Franklin v. State*, 87 Idaho 291, 298, 392 P.2d 552, 555 (1964)); *State v. Josephson*, 125 Idaho 119, 122, 867 P.2d 993, 996 (Ct. App. 1993) (holding that a probationer may decline probation at any time and discussing the import of doing so or not doing so when a defendant has been searched pursuant to a term of probation). Having done none of these, Diehl has not preserved for review the issues he attempts to raise on appeal.

Accordingly, the district court's order placing Diehl on probation and its order denying his Rule 35 motion are affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**