**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44518 & 44519**

| | |
|---|---|
| CAROLINE EGUILIOR, | ) |
| | ) **Filed: July 6, 2018** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgments summarily dismissing petitions for post-conviction relief, vacated and case remanded; appeals from orders denying I.R.C.P. 60(b)(1) motions for relief from judgment, dismissed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

In these consolidated cases, Caroline Eguilior appeals from judgments summarily dismissing her petitions for post-conviction relief and orders denying her motions for relief from judgment. For the reasons set forth below, we vacate and remand the judgments and dismiss the appeal from the orders for relief from judgment.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a joint plea agreement in two criminal cases, Eguilior pled guilty to two counts of forgery, one count of robbery, and one count of unlawful possession of a firearm in exchange for the dismissal of several additional felonies. As part of her plea agreement, Eguilior stipulated to a unified sentence of twenty years, with a minimum period of confinement of eight

1

years. In addition, Eguilior waived her right to file an I.C.R. 35 motion, as well as her right to appeal her sentence unless the district court exceeded the State's recommendation. Consistent with the State's recommendation and the stipulated sentence, the district court imposed an aggregate twenty-year sentence with eight years fixed.

Eguilior filed pro se petitions for post-conviction relief, alleging ineffective assistance of trial counsel. Specifically, Eguilior alleged that trial counsel coerced Eguilior into signing the plea agreements and told her it was not her "choice" whether to "fight" the charges at trial. Eguilior also alleged that her trial counsel advised Eguilior "wrong" in relation to the I.C.R. 11 because she believed there was evidence that could have been presented as a defense at trial, and "many factors that if presented would have changed the outcome of [her] sentence," including her mental health and family-related stressors. The only relief Eguilior requested in her pro se petition was a reduction of her sentences. Eguilior also requested the appointment of post-conviction counsel, which the district court denied, stating that Eguilior's claims were frivolous and were not ones that would be filed by a person who would retain counsel.

The district court issued notices of intent to dismiss Eguilior's petitions on the basis that her allegations were conclusory and lacked merit. The notices further stated that, even assuming all of Eguilior's allegations were true, she was not entitled to relief because the requested relief--reduction of her sentences--could not be granted in post-conviction. Eguilior did not respond to the district court's notices of intent to dismiss within twenty days, and the district court entered judgments dismissing Eguilior's petitions on July 6, 2016. Five days later, on July 11, 2016, Eguilior filed a letter with the district court that stated, in part: "I am not requesting to modify my sentence. I[']m asking the courts to give me a chance at arguing for a different sentence, by removing my rule 11 on my plea deal and resentence me." The letter also repeated Eguilior's allegations that counsel incorrectly advised Eguilior in relation to the Rule 11 agreement, that her attorney was ineffective, and that Eguilior believed the outcome would have been different but for her attorney's advice. In addition, Eguilior repeated the mitigation she believed should have been presented in support of a lesser sentence. No action was taken by the

district court in response to Eguilior's July 11 letter, and Eguilior filed a notice of appeal forty-two days later.[1]

After Eguilior filed her opening brief on appeal, she filed pro se I.R.C.P. 60(b) motions for relief from the judgments dismissing her petitions in district court and a request for counsel in relation to her Rule 60(b) motions. Eguilior asserted that there had been a "mistake" as the district court did not receive her responses to its notices of intent to dismiss her post-conviction petitions within the twenty-day time limit. Eguilior alleged that she gave her response to the prison paralegal within the time period to respond. Eguilior also explained that the delay in filing her Rule 60(b) motions was due to being unaware that the district court did not timely receive her response to its notice of intent to dismiss. Eguilior asserted that, after being made aware that her response to the court's notice was not considered prior to dismissal, she was waiting for help and information from the paralegal to assist Eguilior in filing her motions. The district court denied Eguilior's requests for counsel on the basis that her Rule 60(b) motions were untimely and frivolous and denied Eguilior's I.R.C.P. 60(b) motions, finding that, in addition to being untimely, Eguilior's explanations for delay were insufficient to excuse her failure to timely respond to the notices of intent to dismiss or timely file for Rule 60(b) relief. Eguilior appeals.

## II.

## ANALYSIS

### A.  Appointment of Post-Conviction Counsel

Eguilior argues that the district court erred in denying her motions for appointment of post-conviction counsel because her petitions presented the possibility of a valid claim. The State argues that Eguilior was not entitled to counsel because Eguilior's claims were frivolous and she only sought sentencing relief. We conclude that Eguilior was entitled to the appointment of post-conviction counsel because Eguilior alleged the possibility of a valid claim of ineffective assistance of counsel.

---

[1]  Eguilior's appeals were initially conditionally dismissed as untimely, but were later reinstated after Eguilior provided a mail log indicating her notices of appeal were timely provided to prison officials for mailing.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner. I.C. § 19-4904. The proper standard for determining whether to appoint counsel for an indigent petitioner in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim that would require further investigation on the defendant's behalf. *Workman v. State*, 144 Idaho 518, 529, 164 P.3d 798, 809 (2007). The trial court should appoint counsel if the petition alleges facts showing the possibility of a valid claim such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claim. *Swader v. State*, 143 Idaho 651, 654-55, 152 P.3d 12, 15-16 (2007). Thus, when addressing the issue of appointment of counsel in post-conviction proceedings, this Court examines whether the possibility of a valid claim exists before determining that an error in failing to appoint counsel requires remand. In determining whether the possibility of a valid claim exists, every inference must run in the petitioner's favor because an unrepresented petitioner may not know how to properly allege the necessary facts. *Charboneau v. State*, 140 Idaho 789, 794, 102 P.3d 1108, 1113 (2004).

The claims in Eguilior's post-conviction petitions alleged ineffective assistance of counsel in relation to the plea agreement. On appeal, Eguilior contends that the allegation in her petitions that counsel coerced her into pleading guilty after she informed counsel that Eguilior wanted to proceed to trial was sufficient to show the possibility of a valid claim. The State argues that the district court correctly concluded Eguilior's ineffective assistance of counsel claim was frivolous because the only relief Eguilior requested was a reduced sentence, which is not relief that is available in post-conviction. The State further argues that Eguilior was not entitled to counsel for the purpose of requesting the correct relief.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled

4

guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

Eguilior's allegations in relation to her claim that counsel coerced Eguilior's guilty pleas were sufficient to raise at least the *possibility* of a valid claim. In her petitions, Eguilior set forth specific allegations regarding counsel's conduct in relation to Eguilior's guilty pleas, and she alleged that she wished to proceed to trial, but counsel informed Eguilior that it was not her decision. Eguilior's allegations were sufficient to demonstrate the possibility of a valid claim. That Eguilior asserted in her pro se petition that she wanted a reduced sentence does not change the allegations within her petition regarding counsel's coercion in relation to Eguilior's guilty pleas. Because Eguilior alleged the possibility of a valid claim, the district court erred in denying Eguilior's requests for the appointment of post-conviction counsel.

## B. Motions for Relief from Judgment

Eguilior also appeals from the district court's orders denying her I.R.C.P. 60(b)(1) motions for relief from the judgments denying her post-conviction petitions. This Court may dismiss an appeal when it appears that the only issue presented is moot. *Downing v. Jacobs*, 99 Idaho 127, 127-28, 578 P.2d 243, 243-44 (1978). Absent an exception, a case becomes moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome. *Goodson v. Nez Perce Cnty. Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000). In light of our conclusion that Eguilior was entitled to the appointment of counsel in relation to her post-conviction petitions, Eguilior's appeals from the denial of her Rule 60(b) motions present no justiciable issue that will have a practical effect upon the outcome. Therefore, Eguilior's appeals from the denial of Rule 60(b) relief are dismissed as moot.

## III.

## CONCLUSION

Eguilior's judgments summarily dismissing her petitions for post-conviction relief are vacated and remanded for further proceedings consistent with this opinion. Eguilior's appeals from the orders denying her I.R.C.P. 60(b)(1) motions for relief from judgment are dismissed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.