993 P.2d 614

F. Larae GOODSON, Julie M. Brudie, Shellie C. Roe, Kathleen J. Stinnett and Deanna Pettichord Grimm, Plaintiffs–Appellants,

v.

NEZ PERCE COUNTY BOARD OF COUNTY COMMISSIONERS, James Soyk Earl Ferguson, and J.R. Vantassel, Defendants–Respondents.

No. 23363.

Supreme Court of Idaho, Lewiston, October 1999 Term.

Jan. 11, 2000.

**852**

Aherin, Rice & Anegon, Lewiston, for appellants. Darrell W. Aherin argued.

Edwin L. Litteneker, Lewiston, for respondents.

SILAK, J.

This is an appeal from an order of summary judgment entered in favor of the Nez Perce County Commission (the Commission), dismissing a breach of employment contract action filed by three Nez Perce County employees (the Employees). We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Facts

On March 4, 1996, the Nez Perce Board of County Commissioners (the Commissioners) adopted Resolution Number 96–03–016, providing for the replacement of the county's original personnel manual, which was produced in 1979. The 1979 manual stated: "Upon approval of the board [of commissioners] and those elected officials currently covered by the policy, the submitted changes shall become part of the County policy." The Commissioners did not seek the approval of any other elected Nez Perce County officials before passing the resolution.

The 1979 manual explained all county employment benefits, including medical benefits, sick leave and vacation time. The conditions of employment were also covered. One provision of the 1979 manual stated that permanent county employees were not subject to "separation or suspension except for cause." The 1996 manual also discussed the benefits and conditions of county employment. The

introduction of the 1996 manual included the following language:

*IMPORTANT*

THIS PERSONNEL POLICY IS NOT A CONTRACT. NO CONTRACT SHALL BE CONSTRUED, EITHER EXPRESS OR IMPLIED, BY THIS POLICY.... CHANGES TO THE POLICIES AND BENEFIT OFFERINGS OUTLINED IN THIS PERSONNEL POLICY ARE SUBJECT TO CHANGE AT ANY TIME, WITHOUT NOTICE. CHANGES MAY BE MADE AT THE SOLE DISCRETION OF THE BOARD OF COUNTY COMMISSIONERS.

(Emphasis in original). The 1996 manual included the following language concerning termination:

Employees of Nez Perce County will not be suspended without pay, demoted or transferred with an accompanying reduction in pay, or discharged from their positions except for cause related to the performance of their job duties or other violations of this policy.... Only suspension without pay, demotion or transfer with reduction in pay, or discharge for cause shall be subject to the appeal procedure set forth in this Personnel Policy.

### B. Procedural Background

On April 3, 1996, the Employees filed a complaint against the Commissioners, alleging that the 1979 manual was an implied-in-fact employment contract and that the Commissioners breached that contract by promulgating a new policy manual without seeking the approval of all elected county officials.

On April 5, 1996, the Employees moved for and were granted a temporary restraining order prohibiting the implementation of the 1996 manual. The restraining order stated that the Commissioners were commanded to refrain from using the 1996 manual "or any other policy affecting the employment rights of the plaintiffs in contravention of the 1979 Nez Perce County Personnel Policy and Employment Handbook." The parties later stipulated that the restraining order would remain in effect pending the resolution of the

action. On April 19, 1996, the Commissioners filed an answer admitting most of the previously stated facts, but denying that the 1979 manual was an implied-in-fact contract. Neither party demanded a jury trial.

Both parties moved for summary judgment. During the hearing on summary judgment, the parties agreed that there were no issues of material fact. On October 15, 1996, the district court issued an order granting summary judgment in favor of the Commissioners. The district court issued a memorandum opinion on November 8, 1996. The district court ruled that there were two reasons, each sufficient in and of itself, for granting summary judgment. First, the district court ruled that while the 1979 manual was in part an implied-in-fact contract, there was no breach of the contract because the new policy manual also provided for termination "for cause." Second, the district court ruled that granting an injunction would be inappropriate in this case. The Employees appealed. A final judgment was not entered until April 29, 1998. In the meantime, the Commissioners adopted another personnel policy manual in 1997.

## II.

### ISSUES ON APPEAL

The appellants present the following issues on appeal:

A. Whether the district court improperly ruled as a matter of law that the 1979 employee manual is not an implied-in-fact contract in its entirety.

B. Whether the district court, in ruling on the summary judgment motion, improperly decided issues not raised in the proceedings.

## III.

### STANDARD OF REVIEW

In an appeal from an order granting summary judgment, this Court's standard of review is the same standard used by the district court in ruling on a motion for summary judgment. *See, e.g., First Security Bank v. Murphy,* 131 Idaho 787, 790, 964 P.2d 654, 657 (1998); *Richards v. Idaho State Tax Comm'n,* 131 Idaho 476, 478, 959 P.2d 457, 459 (1998). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Murphy,* 131 Idaho at 790, 964 P.2d at 657.

## IV.

### MOOTNESS

This Court may dismiss an appeal when it appears that the case involves only a moot question. *Downing v. Jacobs,* 99 Idaho 127, 128, 578 P.2d 243, 244 (1978). A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *See Rational Predator Mgt. v. Dept. of Agriculture,* 129 Idaho 670, 672, 931 P.2d 1188, 1190 (1997). A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome. *See id.*

We hold that this case is moot. The parties have jointly represented that the Commission obtained the approval of all Nez Perce County elected officials, as required by the 1979 employee handbook, before adopting the 1997 policy manual. Since the Commissioners followed the required procedure, the 1997 manual was not passed "in contravention of" the 1979 manual. The adoption of the 1997 manual did not, therefore, violate the district court's temporary restraining order. Since the 1979 manual has been withdrawn, it cannot be part of the county's contract with the Employees. It is therefore unnecessary for this Court to determine the extent to which the 1979 manual was part of the Employee's contract. Neither is it necessary to determine whether the Commission breached the employees' contract by adopting the 1996 manual.

## V.

### CONCLUSION

We hold that the controversy underlying this appeal is moot. We therefore dismiss

the appeal and affirm the district court's entry of summary judgment. No fees or costs to either party.

Justices SCHROEDER, WALTERS, KIDWELL and Justice Pro Tem HORTON concur.