**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38952**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 432 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 3, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STEVEN LANGLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Appeal from order relinquishing jurisdiction, dismissed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge
_____

PER CURIAM

Steven Langley was convicted of grand theft, Idaho Code § 18-2403. The district court imposed a unified six-year sentence with a three-year determinate term, but suspended the sentence and placed Langley on probation. Following violation of the conditions of probation, Langley's probation was revoked, but the district court retained jurisdiction. The district court subsequently relinquished jurisdiction and ordered execution of Langley's sentence. Langley filed a notice of appeal from that order. Thereafter, in response to an Idaho Criminal Rule 35 motion filed by Langley, the district court rescinded the order relinquishing jurisdiction and reinstated the retained jurisdiction. Despite the fact that the order relinquishing jurisdiction was

1

rescinded and Langley was placed back in the retained jurisdiction program, he continues to pursue this appeal arguing only that the district court erred in relinquishing jurisdiction.

The only issue raised on appeal by Langley is plainly moot. A court may dismiss an appeal when it appears that the case involves only a moot question. *Goodson v. Nez Perce Cnty. Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000). "A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome." *Id.* (citation omitted). Here, the district court's order rescinding its order relinquishing jurisdiction moots any issue regarding the propriety of the initial order. Therefore, this appeal is dismissed.