## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 42238/42239

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 450** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 31, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TAWNYA SUZZANNE WILLIAMS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Appeal from judgment of conviction retaining jurisdiction, <u>dismissed</u> as moot.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

---

PER CURIAM

In Bonner County Case No. CR-2013-5837, Tawnya Suzzanne Williams was charged with possession of a controlled substance in violation of Idaho Code § 37-2732(c)(1). In Bonner County Case No. CR-2014-452, she was charged with a second count of possession of a controlled substance. Williams entered a guilty plea to each of these charges in exchange for the dismissal of other charges, including charges filed in a third case.

The court imposed concurrent unified sentences of four years in prison, with two years fixed, but retained jurisdiction pursuant to I.C. § 19-2601(4). Williams appeals, arguing that her

1

sentence is excessive because the court should have placed her on probation instead of retaining jurisdiction.

Williams' appeal is moot because her period of retained jurisdiction has ended and she has been placed on probation. Under the mootness doctrine:

> This Court may dismiss an appeal when it appears that the case involves only a moot question. A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome.

*State v. Manzanare*s, 152 Idaho 410, 419, 272 P.3d 382, 391 (2012) (quoting *Goodson v. Nez Perce Cnty. Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000)). *See also State v. Manley*, 142 Idaho 338, 343, 127 P.3d 954, 959 (2005). Here, the issue presented is no longer "live" because Williams has already received the only remedy she requests. Even assuming that Williams' should have received a suspended sentence with probation at the time of sentencing, such a determination from this Court would "have no practical effect upon the outcome."

Williams does not argue that any exception to the mootness doctrine applies here. Therefore, the appeal is dismissed as moot.