# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43715

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 495 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 20, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER W. GOOCH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Appeal from judgment of conviction retaining jurisdiction, <u>dismissed as moot</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Christopher W. Gooch pled guilty to felony injury to children, Idaho Code § 18-1501(1). The district court imposed a unified sentence of six years, with a minimum period of confinement of three years, and retained jurisdiction. Gooch appeals, contending the district court abused its discretion in retaining jurisdiction over him rather than placing him on probation.

Gooch's appeal is moot because his period of retained jurisdiction has ended and he has been placed on probation. Under the mootness doctrine:

> This Court may dismiss an appeal when it appears that the case involves only a moot question. A case becomes moot when the issues presented are no longer

1

live or the parties lack a legally cognizable interest in the outcome. A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome.

*State v. Manzanare*s, 152 Idaho 410, 419, 272 P.3d 382, 391 (2012) (quoting *Goodson v. Nez Perce Cnty. Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000)). *See also State v. Manley*, 142 Idaho 338, 343, 127 P.3d 954, 959 (2005). Here, the issue presented is no longer "live" because Gooch has already received the only remedy he requests. Even assuming that Gooch should have received a suspended sentence with probation at the time of sentencing, such a determination from this Court would "have no practical effect upon the outcome."

Gooch does not argue that any exception to the mootness doctrine applies here. Therefore, the appeal is dismissed as moot.