**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46393**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 12, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WALTER T. SMITH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Scott Wayman, District Judge. Hon. Douglas P. Payne, Magistrate.

Order of the district court on intermediate appeal from the magistrate judgment of conviction, affirmed.

Walter T. Smith, St. Maries, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff D. Nye, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Walter T. Smith appeals from the district court's order affirming the magistrate's judgment of conviction for driving without a valid driver's license. Smith objects to the requirement that driver's license applicants must provide a social security number to obtain a driver's license. Because Smith's argument on appeal is moot, we affirm the order of the district court on intermediate appeal from the judgment of conviction of the magistrate.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Smith was cited for driving without a valid driver's license in violation of Idaho Code § 49-301(1). Smith's driver's license expired in 2006 and he had not renewed it. Prior to a bench trial, Smith submitted a written argument which explained he was "not opposed to driver's licenses" (and presumably, providing much of the information required for the driver's license

1

application) but objected on religious grounds to providing his social security number as part of the application. In 2002, Smith provided his social security number to the Idaho Transportation Department when renewing his driver's license. Nothing in the record indicates Smith subsequently tried to renew his driver's license or that the department required Smith to provide his social security number as part of that renewal process. Nonetheless, Smith requested that I.C. § 49-306 be amended to include an exemption for religious objections.

At the bench trial, the magistrate heard arguments from the parties before finding Smith guilty of operating a motor vehicle without a driver's license. The magistrate sentenced Smith to thirty days in jail, suspended the sentence, and placed Smith on unsupervised probation for one year.

Smith appealed the magistrate's judgment of conviction to the district court. The district court affirmed the magistrate's judgment of conviction. Smith timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

## III.

## ANALYSIS

Smith was charged with driving without a valid driver's license in violation of I.C. § 49-301(1). However, on appeal Smith focuses on the constitutionality of I.C. § 49-306(2)[1], which provides, in relevant part:

> Every application shall state the true and full name, date of birth, sex, declaration of Idaho residency, Idaho residence address and mailing address, if different, of the applicant, height, weight, hair color, and eye color, and the applicant's social security number as verified by the social security administration.

According to Smith, the social security requirement set forth in I.C. § 49-306(2) is unconstitutional because there is no opt-out provision for those who object to the social security system on religious grounds.

An appellate court may dismiss an appeal when the case involves a moot question. *Goodson v. Nez Perce Cty. Bd. of Cty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000). A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Id.* A case also is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome. *Id.*

Here, the case is moot. Smith's arguments throughout this case have been unrelated to the underlying offense, which was driving without a valid driver's license pursuant to I.C. § 49-301(1). Smith does not argue that the magistrate erred when it found that Smith was operating a motor vehicle without a valid driver's license. Instead, Smith asks this Court to declare I.C. § 49-306(2), which addresses the contents of the driver's license application, unconstitutional.

A favorable ruling for Smith would not refute Smith's conviction or the evidence that Smith operated a motor vehicle without a valid driver's license. As such, there is no justiciable controversy and a favorable ruling would have no practical effect on the outcome of Smith's

---

[1] During the pendency of Smith's case in the trial court, the relevant portion of I.C. § 49-306 was subsection two. The statute was amended, effective July 1, 2018, with two different versions. One version left the relevant portion of the statute as I.C. 49-306(2). The other version re-numbered the statute, and the relevant portion of the statute was then I.C. § 49-306(3). However, that version of the statute was only effective upon certain external factors occurring. For ease of reference, we will reference the relevant portion of the statute as I.C. § 49-306(2).

case.  Because the constitutionality of I.C. § 49-306(2) would have no effect on Smith's traffic offense, we dismiss Smith's argument as moot.

Although Smith invites this Court to address whether Smith was required to provide his social security number to obtain his driver's license, as opposed to whether he drove without a valid driver's license, we decline the invitation to re-frame the relevant issue on appeal. Moreover, the issue would not be properly before this Court because the issue for Smith is not whether he was required to provide a social security number to *obtain* a driver's license, but rather, whether he had to provide his social security number to *renew* his driver's license. Smith's position is speculative because there is no evidence in the record that Smith attempted to renew his driver's license since 2006 or that, as part of that renewal process, he was required to provide his social security number.  Consequently, this Court declines to address the issue.

## IV.
## CONCLUSION

Because Smith's argument on appeal is moot, we affirm the order of the district court on intermediate appeal from the judgment of conviction of the magistrate.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

4