# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49361

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 11, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| WALTER BYARD MARTIN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and concurrent, unified sentences of fifteen years with seven years determinate for aggravated battery; seven years with two years determinate for burglary; five years with two years determinate for aggravated assault; and sentences of 288 days with credit for time served for malicious injury to property and for battery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Walter Byard Martin appeals from his judgment of conviction entered following a jury trial. Martin challenges the sufficiency of evidence for his conviction of obstructing an officer in violation of Idaho Code § 18-705 and contends the district court abused its sentencing discretion. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Martin guilty of aggravated battery, burglary, aggravated assault, malicious injury to property, and obstructing an officer. I.C. §§ 18-903, 18-907(1)(a), 18-1401, 18-901, 18-

1

905, 18-7001(1), 18-705. According to the trial testimony, Martin initiated an interaction with his neighbor and the neighbor's guest. After the guest stepped outside the apartment to speak with Martin, Martin punched the guest, who retreated into the apartment after seeing a hatchet in Martin's hand. Martin kicked the apartment's door, followed the guest into the apartment, struck the neighbor with the side and the handle of the hatchet, destroyed personal property, and then exited the apartment. Shortly thereafter, the neighbor and the guest got into a vehicle to leave, and Martin punched the vehicle's driver-side window, breaking it, before the neighbor and the guest left and contacted the police.

After meeting with the neighbor and the guest, an officer went to the property to speak with Martin and contacted him while he was standing on a deck of his residence. Martin agreed to speak with the officer at the residence's front door but never appeared at the front door, despite the officer's knocks. The officer testified he did not have a warrant for Martin's arrest and did not inform him that he was under arrest.

After the State's case-in-chief, Martin moved for a judgment of acquittal on the charge of obstructing an officer. Martin argued he was not under a legal obligation to continue his contact with the police so Martin's failure to meet the officer at the residence's front door did not amount to obstructing an officer. The district court deferred its decision on the motion until after the jury returned its verdict. After the jury convicted Martin of obstructing an officer, the State moved to dismiss the obstruction count. The court granted the motion, asked the State to prepare an order dismissing that count, and noted the count for obstructing an officer was Count VII. Subsequently, in an apparent administrative error, the court entered an order dismissing Count VI, the malicious injury to property count. At that time, the court did not enter an order dismissing Count VII.

At sentencing, the district court sentenced Martin to concurrent, unified sentences of fifteen years with seven years determinate for aggravated battery; seven years with two years determinate for burglary; and five years with two years determinate for aggravated assault. The court also ordered a total of 288 days in jail with credit for time served for malicious injury to property, obstructing an officer, and battery. Several months later, the court entered an amended judgment dismissing Count VII for obstructing an officer.

Martin timely appeals.

2

## II.

## ANALYSIS

### A.  Obstructing an Officer

Martin asserts the State presented insufficient evidence to sustain his conviction for obstructing an officer, I.C. § 18-705.  In response, the State contends the issue is moot because the district court subsequently entered an amended judgment dismissing Martin's conviction for obstructing an officer.  Under the mootness doctrine:

> This Court may dismiss an appeal when it appears that the case involves only a moot question.  A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.  A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome.

*State v. Manzanares*, 152 Idaho 410, 419, 272 P.3d 382, 391 (2012) (quoting *Goodson v. Nez Perce Cty. Bd. of Cty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000); *accord Sallaz v. Rice*, 161 Idaho 223, 230, 384 P.3d 987, 994 (2016) (ruling mootness occurs "when the party asserting it has received all of the relief to which that party might have been found to be entitled").  Because the district court entered an amended judgment of conviction dismissing Count VII for obstructing an officer, Martin has obtained the relief he seeks on appeal and the issue is moot.

### B.  Sentencing

Next, Martin contends the district court abused its sentencing discretion "[i]n light of the mitigating factors that exist in his case."  An appellate review of a sentence is based on an abuse of discretion standard.  *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).  Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion.  *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).  A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case.  *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).  A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case.  *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest.  *State v. Reinke*,

103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Here, the district court sentenced Martin to a unified, aggregate sentence of fifteen years with seven years determinate for the felony convictions and to credit for time served on the misdemeanor convictions. Martin does not contend his aggregate sentence exceeds the statutory maximums for any of the convictions. *See State v. McIntosh*, 160 Idaho 1, 8, 368 P.3d 621, 628 (2016) (providing sentence within limits prescribed by statute ordinarily will not be considered abuse of discretion). Rather, Martin argues the district court abused its discretion by declining to place him on probation despite his expressed remorse and willingness to engage in substance abuse treatment.

The record reflects, however, that the district court considered "the four factors of sentencing that need to be considered." For example, the court considered Martin's "tremendous number of criminal convictions in the past," identifying several prior convictions spanning across decades. The court also "balance[d]" Martin's criminal history against his behavior in court, including that he had "been [a] routinely polite, respectful, seemingly friendly fellow." Lastly, the court considered the need to protect society and to deter others, including Martin, "from this kind of lifestyle." This record demonstrates the court identified the correct legal standards, recognized the decision was discretionary, acted within the bounds of discretion, and exercised reason in imposing Martin's aggregate sentence. Accordingly, we cannot say the court abused its discretion.

## IV.

## CONCLUSION

Because the district court dismissed Martin's conviction for obstructing an officer, Martin's appellate challenge to that conviction is moot. Further, Martin has failed to show the district court abused its sentencing discretion. Accordingly, we affirm Martin's judgment of conviction and his concurrent sentences.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

4