**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52351**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 17, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WALTER T. SMITH, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Barbara A. Duggan, District Judge. Hon. Rachel Hamilton, Magistrate.

Order of the district court on intermediate appeal from the judgment of conviction of the magistrate court, <u>affirmed</u>.

Walter T. Smith, Jr., St. Maries, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Walter T. Smith, Jr. appeals from the district court's order, on intermediate appeal from the magistrate court, affirming the magistrate court's judgment of conviction for violation of Idaho Code § 49-301(1), driving without a valid driver's license. Smith contends the requirement in I.C. § 49-306 that individuals provide their social security number in order to obtain an Idaho driver's license is unconstitutional as it contains no exception for conscientious objection based on religious beliefs. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A police officer stopped Smith for a headlight violation. When the officer asked Smith for his driver's license, Smith stated he did not have one and believed he did not need to have a driver's

license.  After confirming through dispatch that Smith did not have a valid driver's license, the officer cited Smith for driving without a valid license, I.C. § 49-301(1).

Prior to trial, Smith filed numerous documents in support of his claim that the statutory requirement in I.C. § 49-306, mandating that he provide his social security number to obtain a driver's license, violates his right not to be "denied any civil or political right, privilege, or capacity on account of his religious opinion" as set forth in Article I, § 4 of the Idaho Constitution.  Smith asserted he could not be convicted for failing to have a valid driver's license if the statutory requirement of providing a social security number to obtain a driver's license is unconstitutional.  At trial, Smith did not cross-examine the officer or challenge the State's evidence but merely asserted his legal claim.  The magistrate court considered the issue raised by Smith, even though it had not been properly raised by pretrial motion and took judicial notice of and admitted Smith's filings as an exhibit.  Included in the exhibits are documents filed in Smith's prior case raising the same issue in which this Court concluded Smith's claim was moot.  *See State v. Smith*, Docket No. 46393 (Ct. App. July 12, 2019) (unpublished).  The magistrate court concluded Smith's legal argument was moot with respect to whether he violated I.C. § 49-301(1) and drove without a valid license, and that the challenged statutory social security number requirement is not unconstitutional.  The magistrate court then found Smith guilty and imposed a fine.

On intermediate appeal, the district court affirmed the magistrate court's judgment.  The district court concluded:  (1) Smith's appeal was moot, for all of the reasons set forth by the Idaho Court of Appeals in Smith's previous invalid driver's license appeal; (2) Smith's argument was fatally "speculative," because he failed to present any evidence that he was actually denied a driver's license due to the statutory social security number requirement; and (3) the statutory social security number requirement does not violate Article I, § 4 of the Idaho Constitution.  Smith again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings.  *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009).  However, as a matter of appellate procedure, our disposition of the appeal will affirm

or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

## III.

## ANALYSIS

Smith claims the district court, on intermediate appeal, erred in affirming the magistrate court's judgment of conviction. Smith argues that his constitutional challenge is not moot and the social security number requirement in I.C. § 49-306 is unconstitutional.

As an initial matter, Smith fails to include a statement of issues in his appellate brief. The failure of an appellant to include a statement of issues required by Idaho Appellate Rule 35(a)(4), will eliminate consideration of the issues raised on appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). In addition, Smith fails to cite to this Court's standard of review. An appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Failure to identify and apply the correct standard of review may result in the waiver of claims on appeal. *Id.* Smith's brief fails to comply with I.A.R. 35(a)(6), which states: "The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and the record relied upon." Smith's brief contains no citations to the record. This Court will not search the record on appeal for the necessary citations or arguments. *See Dickenson v. Benewah Cnty. Sheriff*, 172 Idaho 144, 150, 530 P.3d 691, 697 (2023). Pro se litigants are held to the same standards and rules as those represented by an attorney. *State v. Hooley*, 166 Idaho 417, 420, 460 P.3d 341, 344 (2020). For this reason, pro se litigants, like all other litigants, must comply with the Idaho Appellate Rules and standards of appellate practice.

Nonetheless, Smith's arguments are without merit. Smith was charged with driving without a valid driver's license in violation of I.C. § 49-301(1). However, on appeal, Smith focuses on the constitutionality of I.C. § 49-306(5), which provides, in relevant part:

> Every application shall state the applicant's true and full name, date of birth, sex, declaration of Idaho residency, Idaho residence address and mailing address,

if different, height, weight, hair color, and eye color, and the social security number as verified by the social security administration.

According to Smith, the social security requirement set forth in I.C. § 49-306(5) is unconstitutional because there is no opt-out provision for those who object to the social security system on religious grounds.

An appellate court may dismiss an appeal when the case involves a moot question. *Goodson v. Nez Perce Cty. Bd. of Cty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000). A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Id.* A case also is moot if it presents no justiciable controversy, and a judicial determination will have no practical effect upon the outcome. *Id.*

Here, the case is moot. Smith's arguments throughout this case have been unrelated to the underlying offense, which was driving without a valid driver's license pursuant to I.C. § 49-301(1). Smith does not argue the magistrate court erred when it found Smith was operating a motor vehicle without a valid driver's license. Instead, Smith asks this Court to declare I.C. § 49-306(5), which addresses the contents of the driver's license application, unconstitutional.

A favorable ruling for Smith would not refute Smith's conviction or the evidence that Smith operated a motor vehicle without a valid driver's license. As such, there is no justiciable controversy, and a favorable ruling would have no practical effect on the outcome of Smith's case. Because the constitutionality of I.C. § 49-306(5) would have no effect on the adjudication of Smith's traffic offense, we dismiss Smith's argument as moot.

## IV.

## CONCLUSION

Because Smith's argument on appeal is moot, the order of the district court on intermediate appeal from the judgment of conviction of the magistrate court is affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.